IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VELMA TREJO, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00180-FB |
| vs. | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, TONJA HESS, | § § § § § | |
| *Defendants.* | § § § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court is Plaintiff Velma Trejo's Motion to Remand [#8] and Defendant Allstate Fire and Casualty Insurance Company's Motion to Dismiss [#3]. On March 5, 2019, the Honorable Fred Biery referred all pre-trial proceedings in this case to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#6]. On April 30, 2019, the undersigned held an initial pre-trial conference in this case, at which the parties presented argument on the pending motions. After considering the arguments of the parties at the hearing, as well as their motions, responses, and replies, the relevant law, and the case file as a whole, the Court requests additional briefing regarding the Court's subject-matter jurisdiction.

This is an underinsured-motorist (UIM) case. On January 11, 2017, Trejo was involved in a three-vehicle accident on Jackson Keller Road in Castle Hills, Texas. (Orig. Pet.[1] [#1-3] at ¶

---

[1] A copy of Trejo's Original Petition and Request for Disclosure is attached as part of Exhibit A to Allstate's Notice of Removal [#1].

1

6.) Trejo filed a claim for UIM benefits with Allstate, her insurer. (*Id.* at ¶ 11.) Allstate denied the claim, and Trejo filed a complaint against Allstate and Defendant Tonja Hess, a claims adjuster for Allstate, in County Court at Law No. 3 of Bexar County, Texas. Trejo's Original Petition and Request for Disclosure, which is the live pleading in this case, asserts a breach-of-contract claim and extra-contractual claims under the common law, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. (*Id.* at ¶¶ 11–19.)

Allstate timely filed its Notice of Removal [#1] in this Court on February 25, 2019, invoking the Court's diversity jurisdiction. On March 27, 2019, Trejo filed a motion to remand [#8], arguing that complete diversity does not exist because Hess, like Trejo, is a citizen of Texas Allstate does not dispute that Hess, like Trejo, is a citizen of Texas. (Notice of Removal [#1] at ¶ 10.) However, Allstate contends that Hess' in-state and non-diverse citizenship must be disregarded for diversity purposes because Trejo improperly joined Hess to defeat diversity jurisdiction.[2] Allstate can demonstrate improper joinder by showing "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Allstate contends Hess was improperly joined because Trejo has not obtained a judgment establishing the liability and underinsured status of the other motorist, and because Trejo has not alleged that she suffered any damages unrelated to and independent of the policy claim, she has not stated a viable claim against Hess. In so arguing, Allstate relies primarily on *Brainard v.*

---

[2] The parties use the term "fraudulent joinder" in their filings with the Court. The Fifth Circuit, however, has adopted the term "improper joinder" as being more consistent with the statutory language than the term "fraudulent joinder," so that is the term used in this Order. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

2

*Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006). In that case, the Supreme Court of Texas held that "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Id.* at 818. In its Motion to Dismiss, Allstate argues that Trejo's claims against Allstate should be dismissed for the same reasons—Trejo's failure to first obtain the necessary judgment or to allege an independent injury.

Assuming, *arguendo*, that Trejo's claims against Allstate fail for these reasons, and that Trejo's claims against Hess fail for the same reasons, the "common-defense" exception to the improper-joinder rule may be implicated. The "common-defense" rule provides that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant." *Smallwood*, 385 F.3d at 571. So, if Hess has not been improperly joined because the common-defense rule applies, this Court lacks subject-matter jurisdiction over the dispute and the case must be remanded. *See id.* at 576 ("[The district court] lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.").

Federal courts have a "continuing obligation" to examine the basis for their subject-matter jurisdiction, and "[t]he issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Because this issue has not been briefed by the parties, however, the Court will offer the parties an opportunity to address the impact of *Smallwood* on their case before ruling on the pending motions. Specifically, the parties should address whether the common-defense exception described in *Smallwood* applies and deprives the Court of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that, within seven (7) days from the date of this Order, the parties **FILE** a supplemental brief, not to exceed ten (10) pages, addressing the impact of *Smallwood* on the Court's subject-matter jurisdiction.

**IT IS SO ORDERED.**

SIGNED this 3rd day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE