IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VELMA TREJO, | § § | |
| Plaintiff, | § § | SA-19-CV-00180-FB-ESC |
| vs. | § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and TONJA HESS, | § § § § | |
| Defendants. | § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Velma Trejo's ("Trejo") Motion to Remand [#8] and Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion to Dismiss [#3]. Also before the Court is Trejo's Response to Allstate's Motion to Dismiss [#11], Allstate's Reply to Its Motion to Dismiss [#12], Allstate's Response to Trejo's Motion to Remand [#13], Trejo's Supplemental Brief [#20], Allstate's Supplemental Brief [#21], and Allstate's Advisory to the Court [#22]. The Honorable Fred Biery referred all pretrial proceedings in this case to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#6]. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Trejo's Motion to Remand be **GRANTED** and this case **REMANDED** to County Court at Law No. 3 of Bexar County, Texas. It is also recommended that Allstate's Motion to Dismiss be **DISMISSED AS MOOT.**

1

# I. Factual and Procedural Background

This is an underinsured-motorist ("UIM") case. On January 11, 2017, Trejo was involved in a three-vehicle accident on Jackson Keller Road in Castle Hills, Texas. (Pl.'s Original Pet. and Req. for Disclosure[1] [#1-3] at ¶ 6.) Trejo filed a claim for UIM benefits with Allstate, her insurer, which was denied. (*Id.* at ¶ 10.) On January 17, 2019, Trejo filed a complaint against Allstate and Defendant Tonja Hess ("Hess"), a claims adjuster for Allstate, in County Court at Law No. 3 of Bexar County, Texas.

Trejo alleges various contractual and extra-contractual causes of action based on Allstate's denial of his claim for UIM benefits. Specifically, Trejo's Original Petition, which is the live pleading in this case, alleges claims for breach of contract, unjust enrichment, breach of the common-law duty of good faith and fair dealing, and statutory violations of Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("the TDTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41–17.63 (West 2019). (Original Pet. at ¶¶ 11–19.) Trejo also seeks a declaratory judgment under the Texas Uniform Declaratory Judgment Act ("the TUDJA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–37.011 (West 2019). (Original Pet. at ¶¶ 22–23.)

Trejo served Allstate through its registered agent on October 15, 2018, and Allstate timely filed its Notice of Removal [#1] in this Court on February 25, 2019. On March 4, 2019, Allstate filed a motion to dismiss for failure to state a claim upon which relief can be granted [#3]. Trejo filed a response [#11], and Allstate filed a reply [#12]. On March 27, 2019, Trejo filed a motion to remand for lack of subject-matter jurisdiction [#8]. Allstate filed a response

---

[1] A copy of Trejo's Original Petition and Request for Disclosure is attached as part of Exhibit A to Defendant Allstate Fire and Casualty Insurance Company's Notice of Removal [#1].

[#13]. The Court held an initial pretrial conference on April 30, 2019, at which the Court heard argument on Trejo's Motion to Remand. On June 19, 2019, Allstate filed an advisory to the Court [#22], in which it supplemented the authority upon which it relies to include this Court's recent decision in *Martinez v. Allstate Fire and Cas. Ins. Co.*, No. 5:19-CV-00035-DAE (W.D. Tex. June 18, 2019).[2]

For the reasons set forth below, it is recommended that this case be remanded to the Bexar County Court at Law.

## II. Legal Standard

Allstate removed this action to this Court on the basis of diversity jurisdiction, alleging that Hess had been improperly joined to defeat diversity jurisdiction.[3] The federal removal statute, 28 U.S.C. § 1441, allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." § 1441(a). Because removal raises federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Accordingly, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[2] On May 3, 2019, the Court ordered supplemental briefing on the question of whether the Fifth Circuit's "common-defense" exception to the improper-joinder rule is implicated here and requires remand [#19]. The "common-defense" rule provides that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc). The parties submitted supplemental briefing on this issue on May 10, 2019 [#20, #21]. Because Trejo has stated a viable claim against Hess, the "common-defense" rule is not implicated here.

[3] The parties use the term "fraudulent joinder" in their filings with the Court. The Fifth Circuit, however, has adopted the term "improper joinder" as being more consistent with the statutory language than the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1. The Court will, therefore, use the term "improper joinder" in this Report and Recommendation.

Trejo alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. § 1332(a). Section 1332(a) requires "complete diversity" of citizenship, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)). "Additionally, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (citing § 1441(b)(2)).

If a plaintiff has improperly joined a non-diverse or in-state defendant, however, the citizenship of that defendant is disregarded for purposes of determining diversity. *See McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In determining whether a defendant was improperly joined, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee*, 358 F.3d at 333). Allstate does not dispute that Hess, like Trejo, is a citizen of Texas. Because Allstate has not alleged actual fraud in the pleadings, the applicable test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (stating that the court does not determine "whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so").

To answer this question, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d 568 at 573. Ordinarily, this analysis will be determinative. *See id.* However, if the plaintiff has stated a claim against the in-state defendant, but has omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, "pierce the pleadings" and conduct a summary judgment-type inquiry. *Id.* "Although a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016). Rather, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee*, 358 F.3d at 334. In addition, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor." *Id.*

The Fifth Circuit has instructed federal courts to apply the federal, not a state, pleading standard when testing for improper joinder. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In analyzing the complaint, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, the court does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). In short, the court should dismiss a claim only if it determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III. Analysis

Trejo argues that complete diversity does not exist because Hess, like Trejo, is a citizen of Texas. Allstate concedes that both Hess and Trejo are citizens of Texas. However, Allstate contends that the Court should ignore the in-state and non-diverse citizenship of Hess because he was improperly joined to defeat diversity. The undersigned disagrees. Trejo has stated a viable

6

claim against Hess under Texas law. Therefore, Hess has not been improperly joined, and the Court lacks subject-matter jurisdiction over this case. Accordingly, this case should be remanded.

Trejo has stated at least one viable claim against Hess. Trejo alleges, and Allstate does not dispute, that Hess was the adjuster assigned to her claim for UIM benefits. Trejo's Original Petition contains the following allegations in support of her statutory claims under the Texas Insurance Code:

## IX.
## EXTRA-CONTRACTUAL DAMAGES

. . . .

15. Pursuant to § 541.151 of the Texas Insurance Code, a person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice. Pursuant to § 541.002(2) of the Texas Insurance Code, the term "Person" specifically includes an "adjuster." Therefore, the term "person" includes adjusters TONJA HESS, who have refused to act in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, and who has refused to provide support for her refusal to pay the medical expenses, pain, mental anguish and impairment associate with this loss. But without limitation, Defendant has failed to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim related to medical expenses, pain, mental anguish and impairment. Furthermore, Defendant has done so without conducting a reasonable investigation with respect to the claim.

16. **Violations of the Texas Insurance Code**: Defendants ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and TONJA HESS have violated various provisions of the Texas Insurance Code, including the unfair settlement practices, violations of prompt payment of claims provisions, as well as breaches of the duty of good faith and fair dealing. Specifically, Defendants ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and TONJA HESS' conduct is in violation of Texas Insurance Code 545.051 and 541.61 for:

    a. Misrepresenting and/or failing to discuss with Plaintiff pertinent facts or policy provisions relating to coverage as an issue;

7

b. Failing to acknowledge, with reasonable promptness, pertinent communications with respect to claims arising under the policy;

c. Failing to adopt reasonable standards for prompt and effective investigation of claims arising under its policies;

d. Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

e. Failing to respond promptly to a policy holder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of the claim or for the offer of a compromise settlement;

f. Refusing to pay a claim without conducting a reasonable investigation based on all available information; and

g. Compelling a policyholder to institute a suit to recover an amount due under a policy.

17. Additionally, Defendants [sic] delay in payment and lack of good faith is in violation of section 541.152(b) of the Texas Insurance Code. Defendants can be liable for an amount not to exceed three (3) times actual damages. Defendants had actual awareness of the falsity, unfairness or deception of its acts or practices made the basis for Plaintiff's claim for damages under the Texas Insurance Code.

(Original Pet. at ¶¶ 15–17.)

Based on these allegations, Trejo has stated a claim against Hess for bad faith under Chapter 541 of the Texas Insurance Code. Chapter 541 prohibits bad-faith claim denial. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 860 (5th Cir. 2003). The prohibited conduct includes "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code Ann. § 541.060(a)(2)(A) (West 2019). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the TDTPA. *See* Tex. Bus. & Comm. Code § 17.50(a)(4).

"An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018); *see also Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995) ("[T]he insurer's failure to deal fairly and in good faith with its insured is a cause of action that sounds in tort, and is distinct from the contract cause of action for the breach of the terms of an underlying insurance policy."). The Texas Supreme Court has held that the statutory "reasonably clear" standard is identical to the common-law bad-faith standard. *See Mid-Century Ins. Co. of Tex. v. Boyte*, 80 S.W.3d 546, 549 (Tex. 2002); *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997). The key inquiry in a bad-faith claim is "the reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). "An objective standard is utilized to determine whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim." *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.). "The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). However, "[i]nsurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of a claim," and "[a] *bona fide* controversy is a sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *St. Paul Lloyd's Ins. Co. v. Fong Chun Huang*, 808 S.W.2d 524, 526 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *see also Tucker v. State Farm Fire & Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997) ("When an insurer possess evidence reasonably showing that the insured's claim may be invalid, a bad-faith action is not viable.").

Nevertheless, "[a]n insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear." *Giles*, 950 S.W.2d at 56.

Trejo alleges that Hess failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of his claim for UIM benefits, even though liability was reasonably clear. *See* Tex. Ins. Code § 541.060(a)(2)(A). Both the Fifth Circuit and the Texas Supreme Court have held that an insurance adjuster may be held individually liable for violating Chapter 541 of the Texas Insurance Code. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 488 (Tex. 1998); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988). Still, there is some uncertainty regarding which specific provisions of Chapter 541 expose an independent adjuster to liability. Numerous courts, including this one, have held that § 541.060(a)(2)(A) provides a cause of action against insurance adjusters, reasoning that adjusters "engage[] in the business of insurance by investigating, processing, evaluating, approving, and denying claims." *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002); *see also Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); *Meza v. Underwriters at Lloyd's of London Syndicate 2488 & Syndicate 2003*, No. DR-14-CV-087-AM/VRG, 2015 WL 13273303, at *3 (W.D. Tex. Sept. 30, 2015); *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 729 (N.D. Tex. 2014); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 (S.D. Tex. 2001).

A few courts, however, have held that § 541.060(a)(2)(A) applies only to insurers, and not to adjusters. *See Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. CV H-16-3676, 2017 WL 3431816, at *12 (S.D. Tex. Aug. 9, 2017); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp.

3d 944, 950 (S.D. Tex. 2016); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). It would, therefore, appear that courts are split on whether an insurance adjuster may be held liable under § 541.060(a)(2)(A) for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." But "[t]he removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82; *see also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks and citation omitted). Therefore, in the context of Trejo's Motion to Remand, "the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand." *Shade Tree Apartments*, 2015 WL 8516595, at *6. It follows that there is a reasonable basis for predicting that Texas law would impose liability on Hess in this case.

Allstate's arguments to the contrary are unpersuasive. Allstate does not contest that it is possible to maintain a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. Instead, Allstate argues—unpersuasively—that Trejo has insufficiently pled factual allegations to state a claim under the Texas Insurance Code. Trejo alleges that Hess has mishandled his claim by failing to fulfil his duties in the manner prescribed by the Texas Insurance Code, including failing to conduct a reasonable investigation of his claim, failing to explain Allstate's reasons for denying his claim, and failing to conduct

11

settlement negotiations in good faith. Trejo also alleges that Allstate's liability for the claim "has become reasonably clear." (Original Pet. at ¶¶ 15, 16.) These allegations, if true, state a claim under Chapter 541 of the Texas Insurance Code. In other words, although Trejo's Original Petition contains some conclusory and vague statements, it also includes enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court also notes that other district courts have found similar factual allegations to constitute a well-pled claim under § 541.060(a)(2)(A). *See Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Nichols v. Allstate Tex. Lloyd's*, No. 4:12-CV-01524, 2012 WL 3780308, at *4 (S.D. Tex. Aug. 31, 2012).

Allstate also argues that Trejo's claims for statutory violations of the Texas Insurance Code and the TDTPA are subject to the heightened-pleading standard of Rule 9(b), and that Trejo has not pled these claims with the particularity required by that rule. However, because Trejo's statutory bad-faith claim is not premised on fraud it need not be pled with the particularity that Rule 9 requires, as explained more fully below.

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("Directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted.") (emphasis in original). "Rule 9(b) applies by its plain language

to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). But "[t]he particularity demanded by Rule 9(b) necessarily differs with the facts of each case." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067–68 (5th Cir. 1994).

Courts disagree as to whether Rule 9(b) applies to extra-contractual claims under the Texas Insurance Code and the TDTPA. Some courts have consistently applied Rule 9(b) to claims alleging violations of the Texas Insurance Code and the TDTPA. *See*, *e.g.*, *Jana Food Serv., Inc. v. Nationwide Agribusiness Ins. Co.*, No. 4:16-CV-864-A, 2016 WL 7165973, at *3 (N.D. Tex. Dec. 7, 2016); *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *6 (S.D. Tex. Sept. 30, 2014). Other courts, however, have found that Rule 9(b) applies only to statutory bad-faith claims that depend on the same set of facts that support a fraud claim. *See*, *e.g.*,
*Abbey on Preston H.O.A. v. Admiral Ins. Co.*, No. 3:13-CV-0102-N, 2013 WL 12137742, at *2 (N.D. Tex. July 29, 2013); *Carter v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-11-561, 2011 WL 2193385, at *1 (S.D. Tex. June 6, 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Those courts rejected the argument, now advanced by Allstate, that all claims alleging violations of the Texas Insurance Code and the TDTPA are subject to the requirements of Rule 9(b). *See Stewart v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-3021, 2011 WL 4592256, at *3 (S.D. Tex. Sept. 29, 2011) ("[C]laims alleging violations under the Texas Insurance Code *that are substantively identical to fraud* are subject to the Rule 9(b) pleading requirements.") (emphasis added) (quoting *Carter*, 2011 WL 2193385, at *1). The latter approach is more consistent with the plain language of Rule 9(b), which limits its application to averments of fraud and mistake. *See Tigue Inv. Co. v. Chase Bank of Tex., N.A.*,

No. CIV.A.3:03 CV 2490 N, 2004 WL 3170789, at *2 (N.D. Tex. Nov. 15, 2004) ("In ordinary circumstances, the particularity requirement does not extend to claims for which fraud is not an element."). It is also more consistent with the Fifth Circuit's admonition that "Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Rule 8(a)," and that "Rule 9(b)'s stringent pleading requirements should not be extended to causes of actions not enumerated therein." *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 668 (5th Cir. 2004),

Some of Trejo's claims for violations of Chapter 541 of the Texas Insurance Code and the TDTPA sound in fraud and are, therefore, subject to Rule 9(b). However, as explained above, Trejo has alleged sufficient facts to present a plausible claim that Hess violated Chapter 541 of the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." § 541.060(a)(2)(A). Trejo's claim under § 541.060(a)(2)(A) "does not rest on allegations of fraud, as that section does not concern reliance on material representations." *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-03266, 2011 WL 5827298, at *4 (S.D. Tex. Nov. 17, 2011); *see also Sarkar Investments, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 4:17-CV-03061, 2018 WL 706471, at *4 (S.D. Tex. Feb. 5, 2018) (stating that the gravamen of a § 541.060(a)(2) claim is not fraud and that, therefore, Rule 9(b) does not apply to such a claim). Accordingly, Trejo need only comply with the liberal pleading requirements of Rule 8(a). *See AV Tech. Support, Inc. v. Acadia Ins. Co.*, No. 5:17-CV-934-DAE, 2018 WL 2245500, at *4 (W.D. Tex. Mar. 20, 2018) ("Given the split in authority on which pleading standard applies, the Court will apply the lesser pleading standard under Rule 8(a).").

Finally, Allstate maintains that Trejo has failed to state a bad-faith claim against Hess because she has not obtained a judgment establishing the liability and underinsured status of the other motorist. But the Fifth Circuit explicitly rejected this argument in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004). In *Hamburger*, the Fifth Circuit observed that, if bad-faith claims were available only after an insured's legal entitlement to recovery was established, an insured "could never successfully assert a bad faith claim against his insurer for failing to attempt a fair settlement of a UIM claim." *Id.* at 880–81. That is because the Texas Supreme Court has held that an insurer's common-law and statutory duties of good faith and fair dealing do not extend beyond entry of judgment in favor of its insured. *See Boyte*, 80 S.W.3d at 547–48. Thus, an insured does not have a bad-faith cause of action against an insurer after there is a judgment against the insurer, "at which time there are no longer duties of good faith and the relationship becomes one of judgment debtor and creditor." *Hamburger*, 361 F.3d at 880 (citing *Boyte*, 80 S.W.3d at 549). With this concern in mind, the Fifth Circuit rejected the argument, now advanced by Allstate, that liability cannot be reasonably clear until the insured is found in a legal proceeding to be entitled to recover. *See id.* at 881.

*Hamburger* was decided two years before *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006), in which the Texas Supreme Court held that "the [UIM] insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." The UIM statute "protects insureds who are legally entitled to recover from owners or operators of . . . underinsured motor vehicles damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle." Tex. Ins. Code Ann. § 1952.101(a) (West 2019). In *Brainard*, the Texas Supreme Court interpreted this language to mean that "the UIM insurer is under no contractual duty to pay benefits until the

15

insured obtains a judgment establishing the liability and underinsured status of the other motorist," and that "[n]either requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." 216 S.W.3d at 818. Allstate, citing *Brainard*, maintains that Trejo has failed to state a bad-faith claim against Hess because she has not obtained a judgment establishing the liability and underinsured status of the other motorist. Allstate's reliance on *Brainard* is misplaced.

*Brainard* did not address whether an insured may assert a bad-faith claim against her insurer before litigating the other motorist's liability and underinsured status. Instead, *Brainard* held only that a plaintiff may not be awarded pre-judgment interest on a breach-of-contract claim against her insurer for failure to pay benefits before securing a judgment establishing a third party's liability for the damages resulting from the third party's negligence. Per *Brainard*, Trejo's breach-of-contract claims based on Allstate's refusal to pay UIM benefits do not accrue until she obtains a judgment establishing the other driver's liability and his status as an UIM. But Trejo's claims for unfair settlement practices under the Texas Insurance Code are subject to no such limitation.

As noted above, *Brainard* construed the phrase "legally entitled to recover" in the UIM statute to mean that the insured must establish the UIM's fault and the extent of the resulting damages before becoming entitled to recover UIM benefits. In contrast, an insurer violates § 541.060(a)(2)(A) by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." The UIM insurer is obligated to pay only those damages that the insured is "legally entitled to recover" from the UIM, which requires a legal judgment against that motorist; however, to prevail on a bad-faith claim, a plaintiff need demonstrate only that an insurer wrongfully

16

withheld payment of benefits when the insurer's obligation to pay was "reasonably clear." Allstate's interpretation of *Brainard* would require this Court to ascribe the same meaning to the phrases "legally entitled to recover" and "reasonably clear," thereby "violat[ing] the axiomatic rule that when a legislature uses different text in adjacent statutes it intends that the different terms carry a different meaning." *Fowler v. Gen. Ins. Co. of Am.*, No. 3:14-CV-2596-G, 2014 WL 5879490, at *3 (N.D. Tex. Nov. 13, 2014) (internal quotation marks, citation, and alterations omitted). Such an interpretation would also "render § 541.060(a)(2)(A) entirely superfluous," as the lack of a judgment would bar claims pre-judgment and the transformation of the parties' legal relationship would bar claims post-judgment. *Id.* (citing *Hamburger*, 361 F.3d at 880–81).

In short, because *Hamburger* focuses specifically on § 541.060 claims containing the phrase "reasonably clear," and *Brainard* addresses only § 1952.101 claims containing the phrase "legally entitled to recover," "*Brainard* does not address or call into doubt *Hamburger*'s holding." *Woods v. Argonaut Midwest Ins. Co.*, No. 6:15-CV-139, 2016 WL 3653518, at *3 (E.D. Tex. Mar. 18, 2016) (quoting *Accardo v. Am. First Lloyds Ins. Co.*, No. CIV.A. H-11-0008, 2012 WL 1576022, at *5 (S.D. Tex. May 3, 2012)); *see also Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 710 (S.D. Tex. 2013) ("*Brainard* does not appear to call into doubt *Hamburger*'s holding.").

It should be noted that the Dallas Court of Appeals and a few federal district courts have adopted the interpretation of *Brainard* advanced by Allstate. *See Weber v. Progressive Cty. Mut. Ins. Co.*, No. 05-17-00163-CV, 2018 WL 564001, at *3 (Tex. App.—Dallas Jan. 26, 2018, pet. denied); *see also Williams v. Allstate Fire & Cas. Ins. Co.*, No. 5:18-CV-1132-DAE, 2019 WL 517646, at *1 (W.D. Tex. Feb. 4, 2019). However, the San Antonio Court of Appeals recently rejected such an interpretation, as have a number of federal district courts. *See Bretado v.*

17

*Nationwide Mut. Ins. Co.*, No. 04-18-00014-CV, 2018 WL 6517405, at *3 (Tex. App.—San Antonio Dec. 12, 2018, no pet. h.); *see also Hellstern v. Hartford Fire Ins. Co.*, No. 3:14-CV-0993-P, 2015 WL 11120978, at *3 (N.D. Tex. June 23, 2015); *Quintana v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. H-11-007-A, 2013 WL 5495827, at *4 n.19 (S.D. Tex. Oct. 2, 2013); *Accardo v. Am. First Lloyds Ins. Co.*, No. CIV.A. H-11-0008, 2012 WL 1576022, at *5 (S.D. Tex. May 3, 2012). And, as noted above, any ambiguities of Texas law must be resolved in Trejo's favor. *See McKee*, 385 F.3d at 334.

Finally, Allstate's reliance on the Texas Supreme Court's decision in *Menchaca* is also inapposite. In that case, the Texas Supreme Court recognized an exception to the general rule that "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Menchaca*, 545 S.W.3d at 490. Under this exception, "an insured can recover actual damages caused by the insurer's bad-faith conduct if the damages "are separate from and . . . differ from benefits under the contract." *Id.* at 499 (quoting *Twin City*, 904 S.W.2d at 666). This is known as the independent-injury rule. The court clarified that "this aspect of the independent-injury rule applies . . . only if the damages are truly independent of the insured's right to receive policy benefits." *Id.* at 499–500. Allstate's reliance on *Menchaca* is misplaced for the simple reason that Trejo's bad-faith claims against Hess are not premised on an independent-injury theory. Nor did *Menchaca* discuss § 541.060 claims containing the phrase "reasonably clear."

In sum, Trejo has stated a viable claim against Hess under Texas law. It follows that Hess has not been improperly joined; the Court lacks subject-matter jurisdiction over this case; and the case should be remanded to Texas state court.[4]

## IV. Conclusion and Recommendations

Having considered the motions, the briefs of the parties, the arguments made at the hearing, the applicable legal authorities, and the entire record in this matter, the undersigned recommends that Plaintiff Velma Trejo's Motion to Remand [#8] be **GRANTED** and this case **REMANDED** to County Court at Law No. 3 of Bexar County, Texas. It is further recommended that Defendant Allstate Fire and Casualty Insurance Company's Motion to Dismiss [#3] be **DISMISSED AS MOOT.**

## V. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within fourteen (14) days after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to

---

[4] Because Trejo has stated a viable claim against Hess for violations of, at a minimum, § 541.060(a)(2)(A), the Court need not, at this time, consider the viability of Trejo's other claims against Hess.

file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a de novo determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of September, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE